**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5030-15T1

PAONESSA COLON & RECTAL
SURGERY, P.C.,

    Plaintiff-Respondent,

v.

CERNERO CHILDREN'S TRUST and
JMC MANAGEMENT GROUP,

    Defendants/Third-party
    Plaintiffs-Appellants,

v.

NINA PAONESSA, individually and as
Guarantor of Paonessa Colon &
Rectal Surgery, P.C.,

    Third-Party Defendant/
    Respondent.

---

Submitted September 6, 2017 — Decided September 15, 2017

Before Judges Alvarez and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No. L-
0825-15.

James F. Weber, attorney for appellants.

McOmber & McOmber, P.C., attorneys for respondents (R. Armen McOmber, of counsel and on the brief).

PER CURIAM

R. 1:7-4 directs trial judges to render findings of fact and conclusions of law "on every motion decided by a written order that is appealable as of right. . . ." That basic tenet has been often repeated. The absence of the analysis that leads a judge to his or her conclusion makes our review impossible. After all, we exercise a limited role on appeal. We do not disturb findings of fact or conclusions of law unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J 474, 484 (1974), see also Petrozzi v. City of Ocean City, 433 N.J. Super. 290, 316-317 (App. Div. 2014).

On April 29, 2016, summary judgment was granted to plaintiff Paonessa Colon and Rectal Surgery, P.C. Defendants Cernero Children's Trust and JMC Management Group are plaintiff's landlord and property managers respectively. The underlying dispute involved the cost of defendants' fit out of rental premises for plaintiff's use as a medical office.

On June 10, 2016, the court denied reconsideration of that decision, and separately granted $16,775.77 in attorney's fees and

$1,304.99 in costs to plaintiff, without any explanation whatsoever. The order awarding fees and costs is now appealed, and we are constrained to vacate it. The matter is remanded for the judge to comply with the rule, and render findings of fact and conclusions of law. We do not express any opinion as to the appropriate outcome. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5030-15T1